UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 20-48696

JANE KATHERINE WHITE,                                           Chapter 7

and                                                             Judge Thomas J. Tucker

KEN F. WHITE,

               Debtors.
_____/

### ORDER DETERMINING THAT THE REAFFIRMATION AGREEMENT FILED ON FEBRUARY 16, 2021 (DOCKET # 27) IS NOT ENFORCEABLE

On December 7, 2020, the Court entered an order in this case, granting each of the Debtors a discharge under 11 U.S.C. § 727 (Docket # 20, the "Discharge Order"). On January 12, 2021, this bankruptcy case was closed.

On January 18, 2021, Ally Bank (the "Creditor") filed a motion to reopen this case, "for the limited purpose of allowing the Creditor to file a Stipulation to Allow Late Filing of the Reaffirmation Agreement regarding a 2014 Ford Escape" (Docket # 22, the "Reopen Motion"). Attached to the Reopen Motion was a copy of a reaffirmation agreement that indicated that it had been signed by both of the Debtors and the Creditor before the Discharge Order was entered. (*See* Docket # 22-2). On its face, that reaffirmation agreement indicated that the Debtors had both signed it on October 7, 2020, and that the Creditor had signed it on November 12, 2020. From this, it appeared to the Court that such reaffirmation agreement had been made before the Discharge Order was entered, even though it had not been timely filed. Based on this, the Court entered an order granting the Reopen Motion on February 11, 2021, and ordered that the Creditor and/or the Debtors "file any reaffirmation agreement no later than February 18, 2021." (Docket

# 25.)

Next, on February 16, 2021, the Creditor filed a reaffirmation agreement. (Docket # 27). But this agreement is different from the reaffirmation agreement that was attached to the Reopen Motion. On its face, the reaffirmation agreement filed on February 16, 2021 indicates that, although it was signed by the Debtors on October 7 2020, before the entry of their discharge order, it was signed by the Creditor *on February 16, 2021*, more than two months after the Court entered Discharge Order on December 7, 2020. (On this document, an earlier Creditor signature, dated "11/12/20," was crossed out by a red line running through that entire signature and signature date.)

Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." A reaffirmation agreement must be in writing and signed by both the creditor and the debtor before it can be deemed to be made. *See In re Jenerette*, 558 B.R. 189, 190-91 (Bankr. E.D. Mich. 2016). The reaffirmation agreement filed on February 16, 2021 was not made before the Discharge Order, because it was not signed by the Creditor until after the Discharge Order was entered. For these reasons, the Court concludes that this reaffirmation agreement is not enforceable.

Accordingly,

IT IS ORDERED that the reaffirmation agreement filed on February 16, 2021 (Docket # 27) is not enforceable.

**Signed on February 19, 2021**



/s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge